**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARCO SERRANO, on behalf of himself and other similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | Judge |
| RAPID PALLETS, INC., | ) ) ) | Magistrate Judge |
| Defendants. | ) ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Marco Serrano, on behalf of himself and other similarly situated individuals, known and unknown, through his attorneys, against Rapid Pallets, Inc. ("Rapid Pallets") states as follows:

**I.      NATURE OF THE CASE**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*. ("IWPCA") for 1) Defendant's failure to pay Plaintiff and similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the FLSA and IMWL; and 2) Defendant's practice of making unlawful deductions from Plaintiff and similarly situated employees' wages.

## II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3.    Venue is proper in this judicial district as a substantial number of the facts and events giving rise to Plaintiff's claims occurred in this judicial district and as Defendant has maintained facilities and transacted business within this jurisdiction at all relevant times.

## III.    PARTIES

**<u>Plaintiff</u>**

4.    At all relevant times Plaintiff, Marco Serrano has resided and been domiciled in the State of Illinois and within this judicial district.

5.    At all relevant times, Plaintiff was an "employee" of Defendant as that term is defined by the FLSA, 29 U.S.C. §201 *et seq*., IMWL, 820 ILCS 105/1 *et seq*., and IWPCA, 820 ILCS 115/1 *et seq*.

6.    At all relevant times Plaintiff handled goods that moved in interstate commerce.

**<u>Defendants</u>**

7.    Defendant Rapid Pallets has its principal place of business at 9700 Harlem Ave, Bridgeview, IL, and within this judicial district.

8.    Within the relevant time period, Defendant Rapid Pallets:

a.   has been a corporation organized under the laws of the State of Illinois;

b.   has conducted business in Illinois and within this judicial district;

c.   has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

d. has had two (2) or more employees who have handled goods that moved in interstate commerce;

e. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), IMWL, 820 ILCS 105/3(c), and IWPCA, 820 ILCS 115/1 *et seq*.

## IV.    FACTUAL BACKGROUND

9.    Plaintiff Marcos Serrano worked at Defendant Rapid Pallets from approximately mid-year 2011 through the present.

10.    Plaintiff worked cutting wood to be constructed into pallets at Defendant's location in Bridgeview, IL.

11.    Defendant earned $10.00 per hour.

12.

13.    During the course of their employment with Defendant, Plaintiff and similarly situated employees were regularly directed to work in excess of forty (40) hours per week.

14.    Plaintiff and similarly situated employees regularly worked in excess of forty (40) hours per week for Defendant.

15.    Defendant failed to pay Plaintiff and similarly situated employees at time and a half their regular rate for all time worked in excess of forty (40) hours per individual workweek.

16.    During the course of Plaintiff's employment, Defendant made deductions from Plaintiff's wages, which, on information and belief, were reimbursements of Defendant's mandatory Workers' Compensation premiums.

17.    The above referenced deductions from Plaintiff's and similarly situated employees' wages: (1) were not required by law; (2) were not to Plaintiff's benefit; and (3)

were not made with the express written consent of Plaintiff, given freely at the time the deductions were made.

## V.    CLASS ACTION ALLEGATIONS

18.    Plaintiff will seek to certify as class actions pursuant to FRCP Rule 23 his state law claims arising under the IMWL for overtime wages (Count II), and under the IWPCA for unauthorized deductions (Count III). Plaintiff will ask the Court to determine the rights of the parties pursuant to those statutes and to direct Defendant to account for all hours worked and wages paid to the class members during the temporality of the class.

19.    The Class that Plaintiff seeks to represent with regard to Count II is defined as: All individuals employed by Rapid Pallets, Inc. as hourly employees for the period from July 29, 2013 up through and including the date of filing of this lawsuit.

20.    The Class that Plaintiff seeks to represent with regard to Count III is defined as: All individuals employed by Rapid Pallets, Inc. as hourly employees for the period from July 29, 2006 through the date of filing of this lawsuit.

21.    Counts II and III are brought pursuant to Fed. R. Civ. P. 23(a) and (b) because:

    a.    The class is so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at this time, Plaintiff is informed and believes that Defendant has employed hundreds of individuals as employees during the IMWL and the IWPCA relevant time period;

    b.    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of fact and law include, without limitation:

4

i. Whether Defendant failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

ii. Whether Defendant made deductions without Plaintiff and the Class' authorization in violation of the IWPCA;

c. The class representative and the members of the class have been equally affected by Defendant's failure to pay overtime wages, and by Defendant's practice of making unlawful deductions from its employees' wages;

d. Members of the class will be reluctant to bring forth claims for unpaid wage violations for fear of retaliation;

e. The class representative, class members, and Defendant have a commonality of interest in the subject matter and remedies sought and the class representative is able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating hardship on the class members, Defendant, and the Court. (See Exhibit A, Plaintiff's consent to represent in collective action).

22. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**COUNT I**
**Violation of the Fair Labor Standards Act- Overtime Wages**
*Section 216(b) Collective Action*

23. Plaintiff incorporates and re-alleges paragraphs 1 through 26 of this Complaint, as though set forth herein.

24.     The matters set forth in this Count arise from Defendant's violation of the overtime provisions of the FLSA.

25.     Defendant suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during his employment with Defendant.

26.     Defendant likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendant in excess of forty (40) hours in individual work weeks.

27.     Defendant did compensate Plaintiff and similarly situated employees at time and a half their regular rates for all time worked in excess of forty (40) hours per week.

28.     Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the FLSA.

29.     Defendant violated the FLSA by failing to compensate Plaintiff and other similarly situated employees' overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

30.     Plaintiff and the class are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff filing this lawsuit  because Defendant's violation was willful.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.      That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B.      A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees in excess of forty (40) hours in individual work weeks.

C.      Liquidated damages in the amount equal to the unpaid overtime wages;

D.      That the Court declare that Defendant has violated the FLSA;

E.      That the Court enjoin Defendant from violating the FLSA;

F.      Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

Such other and further relief as this Court deems appropriate and just

## COUNT II
## Violation of the Illinois Minimum Wage Law- Overtime Wages
### *Plaintiff on behalf of himself and similarly situated employees*

31.    Plaintiff incorporates and re-alleges paragraphs 1 through 34 of this Complaint, as though set forth herein.

32.    The matters set forth in this Count arise from Defendant's violation of the overtime wage provisions of the IMWL.

33.    Defendant suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during his employment with Defendant.

34.    Defendant likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendant in excess of forty (40) hours in individual work weeks.

35.    Defendant did not compensate Plaintiff and similarly situated employees at time and a half their regular rate for all time worked in excess of forty (40) hours per week.

36.    Plaintiff and similarly situated employees were not exempt from the overtime wage provisions of the IMWL and were entitled to be compensated at time and a half their regular rate of pay for all time worked in excess of forty (40) hours per week.

37.    Defendant violated the IMWL by failing to compensate Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks at time and a half their regular rate of pay.

38.    Pursuant to 820 ILCS 105/12(a), Plaintiff and the Class are entitled to recover unpaid wages for three (3) years prior to the filing this lawsuit.

39.    The Class that Plaintiff seeks to represent in regard to the overtime wage claim arising under the IMWL is composed of and defined as all persons who have been employed by Defendant since approximately July 29, 2013 up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.    That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.    A judgment in the amount of all overtime wages due to Plaintiff and the Class as provided by the IMWL;

C.    Statutory damages for Plaintiff and the Class pursuant to the formula set forth in 820 ILCS 105/12(a);

D.    That the Court declare that Defendant has violated the IMWL;

E.    That the Court enjoin Defendant from violating the IMWL

F.    Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act - Unauthorized Deductions
*Plaintiff on behalf of himself and similarly situated employees*

44.    Plaintiff hereby re-alleges and incorporates paragraphs 1 through 43 of this Complaint, as if fully set forth herein.

45.    During the course of Plaintiff's employment, Defendant made unlawful deductions from Plaintiff's wages as referenced in paragraphs 16- 17, *supra*.

46.    Such deductions and fines (1) were not required by law; (2) were not to Plaintiff's benefit; (3) were not in response to a valid wage assignment or wage deduction order; and (4) were not made with the express written consent of Plaintiff, given freely at the time the deductions were made.

47.    Defendant likewise made unauthorized deductions from other similarly situated employees without their authorization.

48.    In making unauthorized deductions from Plaintiff and other similarly situated employees' wages, Defendant violated the IWPCA, 820 ILCS 115/9.

49. The Class that Plaintiff seeks to represent in regard to the deductions from wages claim arising under the IWPCA is composed of and defined as all persons who have been employed by Defendant since July 29, 2006 up through and including the filing of this lawsuit.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.   That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.   A judgment in the amount of all wages due Plaintiff and the Class as provided by the IWPCA;

C.   Prejudgment interest and penalties as provided for in the IWPCA;

D.   Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 105/1 *et seq.*;

E.   Such other and further relief as this Court deems appropriate and just.


Respectfully Submitted,

Dated: July 29, 2016

/s/ Neil Kelley
Neil Kelley (ARDC #6306308)
Christopher J. Williams (ARDC #6284262)
Alvar Ayala (ARDC #6295810)
Workers' Law Office, P.C.
53 W. Jackson Blvd, Suite 701
Chicago, IL 60604
(312) 795-9121

Attorneys for Plaintiff